UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARKEVIOUS JACKSON,              )
                                 )
                 Plaintiff       )
                                 )
        vs.                      )        CAUSE NO. 3:06-CV-543 RM
                                 )
OFFICER COLDIRON,                )
                                 )
                 Defendant       )

OPINION AND ORDER

Markevious Jackson, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983

and an application to proceed without full prepayment of fees and costs pursuant to 28

U.S.C. § 1915. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any

portion of a complaint, for failure to state a claim upon which relief can be granted. Courts

apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).

Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff
> can prove no set of facts in support of his claim which would entitle him to
> relief. Allegations of a pro se complaint are held to less stringent standards
> than formal pleadings drafted by lawyers. Accordingly, pro se complaints
> are liberally construed.
>
>         In order to state a cause of action under 42 U.S.C. § 1983, the Supreme
> Court requires only two elements: First, the plaintiff must allege that some
> person has deprived him of a federal right. Second, he must allege that the
> person who has deprived him of the right acted under color of state law.

Dockets.Justia.com

> These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Jackson alleges that another inmate attacked him in a control unit on June 1, 2006. He alleges that Officer Coldiron secured a prior recreation group, but allowed his attacker to remain on the range. He alleges that Officer Coldiron saw the attacker, but opened his cell door nevertheless. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of

impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995).

Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. See, McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

Mr. Jackson alleges that he and his attacker were not to be out of their cells at the same time and it is a reasonable inference that an officer working the control unit would have known this too. This states a claim against Officer Coldiron in his individual capacity for monetary damages.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Officer Coldiron in his individual capacity for compensatory damages on his Eighth Amendment claim for a failure to protect him from another inmate on June 1, 2006;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to ensure that a copy of this order is served on Officer Coldiron along with the summons and complaint;

(4) **DIRECTS** the United States Marshals Service to effect service of process on Officer Coldiron; and

(5) **ORDERS** Officer Coldiron, pursuant to 42 U.S.C. § 1997e(g)(2), to respond only to the surviving claims in this screening order as provided for in the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

ENTERED: September  5 , 2006

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court