UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARKEVIOUS JACKSON, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:06-CV-543 RM |
| OFFICER COLDIRON, | ) ) | |
| Defendant | ) ) | |

OPINION AND ORDER

Markevious Jackson, a *pro se* prisoner, submitted a motion to amend his complaint to include additional factual allegations and state the relief he seeks. "Leave to amend is to be 'freely given when justice so requires.'" Liu v. T&H Machine, 191 F.3d 790, 794 (7th Cir. 1999) quoting FED. R. CIV. P. 15(a). Therefore the motion to amend will be granted. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Jackson alleges that on June 1, 2006, he was attacked by another inmate in a control unit. He alleges that Officer Coldiron secured a prior recreation group, but allowed his attacker to remain on the range so that he could attack him. He alleges that Officer Coldiron saw the attacker, but opened the cell door so that he could attack Mr. Jackson. He alleges that Officer Coldiron conspired with his attacker because of disputes they had during the previous week. He further alleges that after the attack began, Officer Coldiron delayed in calling for assistance to stop the fight. Though "prison officials have a duty to protect prisoners from violence at the hands of other prisoners", Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted), this complaint alleges much more than a failure to protect. This complaint alleges that the defendant conspired with the attacker with the desire to injure Mr. Jackson. This alleges that Officer Coldiron acted "maliciously and sadistically for the very purpose of causing harm . . . in bad faith and for no legitimate purpose." Whitley v. Albers, 475 U.S. 312, 321-322 (1986). This states

a claim for excessive use of force in violation of the Eighth Amendment. Alternatively, Mr. Jackson argues that Officer Coldiron was deliberately indifferent in failing to protect him from attack.

Finally Mr. Jackson seeks appointment of counsel, but he provides no basis for this request. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any § 1915(d) motions outright." Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). Therefore the request for counsel will be denied.

For the foregoing reasons, the court:

    (1) **GRANTS** motion to amend (docket # 13);

    (2) **DENIES** the request for counsel (docket # 13);

    (3) **GRANTS** Markevious Jackson leave to proceed against Officer Coldiron in her individual capacity for compensatory and punitive damages on his Eighth Amendment claim for an excessive use of force on June 1, 2006 or alternatively for failing to protect him from attack by another inmate;

    (4) **DISMISSES** all other claims;

    (5) **DIRECTS** the clerk to ensure that a copy of this order is served on Officer Coldiron along with the summons and complaint;

    (6) **DIRECTS** the United States Marshals Service to effect service of process on Officer Coldiron; and

(7) **ORDERS** Officer Coldiron, pursuant to 42 U.S.C. § 1997e(g)(2), to respond only to the surviving claims in this screening order as provided for in the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

ENTERED: October  23 , 2006

                                                    /s/ Robert L. Miller, Jr.
                                                  Chief Judge
                                                  United States District Court