UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARKEVIOUS JACKSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-543 RM |
| | ) | |
| OFFICER COLDIRON, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Markevious Jackson, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983 alleging that Officer Coldiron did not protect him from an attack by another inmate in violation of the Eighth Amendment. Officer Coldiron moved for summary judgment on July 30, 2007. The motion notified Mr. Jackson, pursuant to N.D. IND. L.R. 56.1(e), of the importance of responding to a summary judgment motion. The deadline for responding to the motion passed on September 4, 2007. Mr. Jackson has not responded to the motion.

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. Outlaw v. Newkirk, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an

essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).

The motion contends that Mr. Jackson cannot prove that the defendant was deliberately indifferent to his safety. When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). Because Mr. Jackson has presented no evidence demonstrating that the defendant was deliberately indifferent, the motion for summary judgment will be granted.

For the foregoing reasons, the court:

    (1) GRANTS the motion for summary judgment (docket # 39); and

    (2) DIRECTS the clerk to enter judgment in favor of the defendant and against the plaintiff.

IT IS SO ORDERED.

ENTERED: September  17 , 2007

                                    /s/ Robert L. Miller, Jr.
                                    Chief Judge
                                    United States District Court